ANTON NEUBAUER, APPELLANT, v. JOHN J. ARIANS, RESPONDENT.

Submitted March 20, 1923—Decided June 7, 1923.

A deposit of cash in court in lieu of bail under section 82 of the Practice act (*Comp. Stat.*, *p.* 4076) is made as security, *pro tanto*, for the plaintiff's claim; therefore, a deposit made with the court to secure the appearance of the defendant was not made under that section.

- On appeal from the Passaic County Circuit Court.

For the appellant, *Gustav A. Hunziker*.

For the respondent, *Weinberger & Weinberger*.

For J. Grossgebauer, *Wayne Dumont*.

The opinion of the court was delivered by

SWAYZE, J. The question raised in this case is the title to certain cash belonging to one Grossgebauer. Grossgebauer, at the request of the father of one J. J. Arians, undertook to secure the release of John J. Arians from the custody in which he was held under a capias in a civil action. The parties have stipulated as to the facts and the question of the ownership of the money in controversy must be determined by the actual agreement. Grossgebauer inquired of the Supreme Court commissioner who had authorized the capias what would be necessary in order to secure Arians' release and after receiving information, the terms of which we need not state more fully, came to the office of the commissioner and deposited $2,730 in cash as bail to secure the appearance of said J. J. Arians when needed. As a matter of fact the suit was pending in the Passaic Circuit Court and if the money had been deposited under section 82 of the Practice act (*Comp. Stat.*, *p.* 4076), it would have been in that court. In fact, the commissioner deposited the

money in the Supreme Court and there it remained until it was transferred to the Circuit Court by an order of Justice Minturn, on April 13th, 1922.

Perhaps the deposit in the Supreme Court when it should have been deposited in the Passaic Circuit Court may fortify the contention of Grossgebauer that the money was not deposited in lieu of bail as directed by section 82, but was an extra-statutory deposit made without warrant, but in either event there is no room in the stipulation of facts for the contention that the deposit was to be in lieu of bail under section 82. On the contrary, the facts stipulated are that the money had been deposited in cash as bail to *secure the appearance of Arians* when needed. Now the appearance of Arians when needed was an object foreign from the appropriation of Grossgebauer's money to the payment of Arian's debt. The commissioner's order discharging Arians recites that Arians had deposited with him in cash the sum of $2,728 and the sheriff was thereby authorized and directed forthwith to discharge Arians from custody.

Now it may well be that Arians had deposited this amount of money and that that deposit was under section 82, but there is nothing to show that the money deposited by Grossgebauer was under that section or for that purpose. On the contrary, it was for a purpose entirely different from the purpose of section 82, which was to provide for a deposit in lieu of bail, and Grossgebauer, according to the stipulation, never meant a deposit in lieu of bail and apparently the commissioner never meant deposit in lieu of bail, since he did not deposit the money in the court in which the action was pending.

We think the learned judge was right in ordering that the money deposited by Grossgebauer with the commissioner should be returned to Grossgebauer or his lawful attorney. Let the order be affirmed.